**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**MONROE DIVISION**

| | |
|---|---|
| BRUCE TAYLOR | CIVIL ACTION NO. 25-0677 |
| VERSUS | JUDGE ALEXANDER C. VAN HOOK |
| SCHOOL BOARD OF OUACHITA PARISH | MAGISTRATE JUDGE McCLUSKY |

# MEMORANDUM RULING

Before the Court is the Motion for Relief under Federal Rule of Civil Procedure 56(d) filed by the plaintiff, Bruce Taylor ("Taylor"). Record Document 22. Taylor asked that this Court defer consideration of a motion for summary judgment until the defendant, Ouachita Parish School Board ("School Board"), produced its discovery responses. *Id.* at 3. For the following reasons, the Motion for Relief under Federal Rule of Civil Procedure 56(d), Record Document 22, is **GRANTED**.

Federal Rule of Civil Procedure 56(d) authorizes district courts to "defer considering" a motion for summary judgment when the nonmovant "cannot present facts essential to justify its opposition." Fed. R. Civ. P. 56(d)(1). As a remedy, district courts can "allow time to obtain affidavits or declarations or to take discovery." Fed. R. Civ. P. 56(d)(2). The United States Court of Appeals for the Fifth Circuit has explained that "Rule 56(d) motions for additional discovery are broadly favored and should be liberally granted…." *Am. Fam. Life Assurance Co. of Columbus v. Biles*, 714 F.3d 887, 894 (5th Cir. 2013). The party who seeks deferral "must set forth a plausible basis for believing that specified facts, susceptible of collection within a reasonable

time frame, probably exist and indicate how the emergent facts, if adduced, will influence the outcome of the pending summary judgment motion." *Id.*

In this case, Taylor has set for a plausible basis that additional facts may be adduced through discovery that would affect the outcome of the School Board's summary judgment motion. Taylor articulated that the desired discovery could defeat the School Board's contention that the alleged harassment was not severe or pervasive and that the School Board lacked notice or responded adequately. Record Document 22 at 2. Taylor sent discovery requests to the School Board several months ago, on June 25, 2026, and counsel for the School Board admitted that he failed to respond to these requests. Record Document 24 at 2. The School Board's counsel acknowledged that its own oversight caused the need for Taylor's requested relief and did not oppose it. *See id.* ("We regret the delay in consideration of the OSPB's well-founded MSJ, but must agree that the delay requested by Plaintiff is appropriate under the circumstances."). The Court holds, therefore, that Taylor is entitled to relief under Federal Rule of Civil Procedure 56(d) and that additional time is needed to complete discovery before the Court can consider the pending motion for summary judgment.

**Conclusion**

Considering the foregoing, the Motion for Relief under Federal Rule of Civil Procedure 56(d), Record Document 24, is **GRANTED**. This Court will defer consideration of the pending motion for summary judgment until the completion of

discovery as set forth in the accompanying order. An order consistent with the terms of this memorandum ruling shall issue herewith.

**DONE AND SIGNED** at Shreveport, Louisiana, this 4th day of November, 2026.

ALEXANDER C. VAN HOOK
UNITED STATES DISTRICT JUDGE